Morris *et al.* agt. Hiler.

## N. Y. COMMON PLEAS.

PETER MORRIS *et al.* agt. SELAH HILER.

In the Matter of WILLIAM S. KEILEY, as receiver of SELAH HILER.

*Receiver — when application by judgment creditors to compel the payment over of moneys in his hands will not be granted — his liability for false imprisonment.*

Upon an application by the judgment creditors to compel the receiver to pay over the moneys in his hands, to the credit of their judgments, where it appears that the receiver, as such, has been made liable, through the conduct of his attorney, to an action, at the instance of the defendant, in an action brought in the receiver's name, the court will not order the funds to be paid over to the judgment creditors.

*Special Term, June,* 1879.

THIS was an application made by the attorney for Peter Morris *et al.*, judgment creditors of Selah Hiler, to compel the receiver to pay over to D. M. Porter, Esq., their attorney, $3,996.50, that being the amount realized from action, *Keiley, as Receiver,* agt. *Charles Dusenbury,* and now in the receiver's hands, to the credit of the action of *Morris et al.* agt. *Hiler* (after deducting several small claims upon the funds due to parties having judgments against the receiver, as such), said Porter claiming the right to such fund, by an order from the judgment creditors, Morris *et al.*, and for

professional services rendered by him as counsel for the receiver, in the action, *Keiley* agt. *Dusenbury*, and in other proceedings in realizing said fund.

Upon the coming on of said motion, the receiver stated that he had been threatened with an action for false imprisonment, at the instance of Charles Dusenbury, growing out of certain Stilwell act proceedings, instituted by Mr. Porter, in the receiver's name, in the superior court, in an action of *Keiley, as receiver*, agt. *Dusenbury.*

And it also appeared that an application was, at the same time, made to the court for leave to sue the receiver.

*D. M. Porter*, for motion.

I. The receiver, as such, is not liable to an action for false imprisonment, and the court will not make the fund liable for a personal *tort* of his.

II. The parties to the Stilwell act being personally liable to Dusenbury, he has all the security he requires.

*Hall & Blandy*, for Charles Dusenbury, opposed.

I. The receiver, as such, is liable for false imprisonment, and he is not *personally* liable.

II. Not being personally liable, the fund is Dusenbury's only security to collect any judgment he may recover for false imprisonment, and it should not be paid out.

J. F. DALY, *J.*— The "Stilwell act" proceedings under which Dusenbury was arrested were ostensibly brought by the receiver, but were really instituted in his name by the attorneys for the judgment creditors acting as the receiver's attorneys and for the benefit of the fund.

Under such circumstances the receiver would not probably be personally liable ; but for the acts of his attorney and agents would be liable as receiver, and the fund in court be subject to the claim of the injured party (*Camp* agt. *Barney*, 4 *Hun*, 373 : *Cardot* agt. *Barney*, 63 *N. Y.*, 281).

I think it reasonable that any recovery of damages for false imprisonment in such a case should be payable out of the fund. The " Stilwell proceedings " were instituted to benefit and increase the fund and to satisfy the judgment creditors' claim. An injury, such as false imprisonment inflicted by proceedings taken in the name of the receiver, may be the subject of an action against the attorneys or other persons directly responsible for it ; but while there is a fund out of which it may be satisfied there is no good reason for turning over the injured party to the chances of individual responsibility.

The parties prosecuting proceedings under the Stilwell act are not required to give an undertaking against damages, as in the case of arrests under the Code, and the defendant, if unlawfully imprisoned, must have recourse to an action against the persons causing the imprisonment. If a receiver is the ostensible party liable the court should, in ordinary cases, provide for the satisfaction of the injured party out of the fund. Motion for distribution of fund denied.